PAYNE & FEARS LLP
Attorneys at Law
David A. Grant, Bar No. 288760
dag@paynefears.com
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Plaintiff Mireyda Rebecca Miranda

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Mireyda Rebecca Miranda,<br><br>  Plaintiff,<br><br>v.<br><br>Steven Selinsky, an individual; David Galan, an individual; Stacey Galan, an individual; Angel Anderson, an individual; Collette Ithaca, an individual; Luxinvia, Inc. dba Monster Marketing, a California corporation; Fons Diviciarum LLC dba Monster Marketing, Google Ascent, and Top Pro SEO, a California Limited Liability Company; and Does 1-10,<br><br>  Defendants. | Case No. 8:22-cv-869<br><br>**Complaint for Damages and Injunctive Relief for:**<br><br>**(1) Violation of 18 USC § 2511;**<br>**(2) Violation of 18 USC § 1030;**<br>**(3) Violation of California Penal Code § 502**<br>**(4) Abuse of Process;**<br>**(5) Intentional Infliction of Emotional Distress; and**<br>**(6) Defamation;**<br><br>**JURY TRIAL DEMANDED** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Plaintiff Mireyda Rebecca Miranda ("Plaintiff" or "Ms. Miranda"), by and through her counsel, hereby alleges as follows:

## I.   <u>INTRODUCTION</u>

1.      This case arises out of a former employer's (Defendant Monster Marketing), its owners' (Defendants Mr. Selinsky, Mr. Galan, and Mrs. Glans), and their/or Monster Marketing's employee and agent Defendants Angel Anderson (collectively referred to as the "Monster Marketing Defendants") malicious and abusive attempts to ruin the life of a young former employee of Monster Marketing, Plaintiff Ms. Miranda.  Defendants have engaged in a no-holds-barred campaign to put Ms. Miranda in jail for no other reason than they were worried she might sue them for wrongful termination and would stop at nothing to break her to the point where she was incapable of doing so.  Or maybe it was more simple than that.  Maybe they didn't like Ms. Miranda because she is of Mexican heritage.  Maybe the woman in the office were jealous of her.  Regardless of the reason, Defendants have acting toward Ms. Miranda with true malice and vitriol.

2.      Defendants Steven Selinsky, David Galan, and Stacey Galan are the owners of Defendant Monster Marketing.  Plaintiff Mireyda Rebecca Miranda was a former employee of Defendant Monster Marketing.  Defendant Angel Anderson currently works for Defendants Steven Selinsky, David Galan, Stacey Galan, and Defendant Monster Marketing.  They are a Team.

3.      Defendant Monster Marketing had a custom of practice of hiring employees straight out of alcohol and drug-addiction rehabilitation centers and sober-living houses.  Upon information and belief, Defendants Steven Selinsky, David Galan, Stacey Galan, and Defendant Monster Marketing hired employees

straight out of these highly vulnerable situations because they knew that people in such situations would be less likely to stand up for their rights and could be more easily taken advantage of.  Defendants Steven Selinsky, David Galan, Stacey Galan, and Defendant Monster Marketing are predators in the truest sense.

4.     And when one employee—Ms. Miranda—did stand up for herself, they did everything they could to put her in her place, by seeking temporary Civil Harassment Restraining Orders ("CHROs") against Ms. Miranda without probable cause and with actual malice, and followed on these wrongful acts by seizing on alleged violations of the CHROs in attempts to trigger violations of Ms. Miranda's probation and send her to jail for a  very long time.

5.     On or about February 2, 2022, Ms. Miranda was terminated without notice and without being given a reason for her termination.  After resting with the information for several days, Ms. Miranda asked the reason for her termination—especially as one of Monster Marketing co-owners, Stacey Galan, open talked about "hating Mexicans," and Ms. Miranda is of Mexican descent.  At that time, numerous Monster Marketing Defendants and Defendant Collette Ithaca embarked on a campaign—even going so far as to call Ms. Miranda on February 25, 2022,  around 4:15 a.m., while Ms. Miranda was in crisis, to falsely accuse Ms. Miranda of "murdering" a former coworker, Anthony Stiehl, after he allegedly overdosed and died.  But Ms. Miranda had not seen Mr. Stiehl since her termination.  And Mr. Stiehl is alive and well to this day.

6.     What kind of people would do such a thing to a person in crisis? People with true malice and ill will in their hearts.  People who are willing to break Federal wiretapping (the stealing of electronic information) law and Federal and California computer fraud and abuse laws.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint for Damages and Injunctive Relief

7.     After Ms. Miranda was terminated, she asked if she had been terminated for discriminatory reasons.  All she was asking for was an explanation and an apology.  But this got the Monster-Marketing Defendants' attention.  In a full-court-press to dissuade Ms. Miranda from pursuing a claim, Defendants engaged in a malicious and abusive course of conduct, with the specific aim of getting Ms. Miranda put in jail and ruining this young woman's life.  This included, among other things:  (1) making false accusations against her in applications for CHROs; (2) illegally hacking into Ms. Miranda's private Facebook direct messages in violation of 18 USC § 2511, 18 USC § 1030, and California Penal Code § 502; (3) abuse of process; (4) intentional infliction of emotional distress; and (5) defamation.

## II.     PARTIES, JURISDICTION, AND VENUE

8.     Ms. Miranda is an individual residing in Orange County California.

9.     Steven Selinsky is an individual residing in Orange County California

10.     David Galan is an individual residing in Orange County California.

11.     Stacey Galan is an individual residing in Orange County California.

12.     Angel Anderson is an individual residing in Orange County California.

13.     Upon information and belief, Collette Ithaca is an individual residing in New York State.

14.     Luxinvia, Inc. dba Monster Marketing is a California corporation

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

located in Orange County.

15.     Fons Diviciarum LLC dba Monster Marketing, Google Ascent, and Top Pro SEO is a California limited liability company located in Orange County.

16.     Ms. Miranda is unaware of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sues said DOE Defendants by such fictitious names.  The named defendants, and DOES 1-10 are collectively referred to herein as "Defendants."  Ms. Miranda will amend this Complaint to insert the true names and capacities of such fictitiously named DOE Defendants when they have been ascertained.  Ms. Miranda is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is in some manner legally responsible for the events and happenings referred to and alleged herein and by reason thereof has proximately caused the damages and injuries to Ms. Miranda alleged in this Complaint.

17.     Ms. Miranda is informed and believes, and thereon alleges, that at all times material hereto, each Defendant named herein, including those fictitiously designated as DOES 1-10, was acting as the agent, servant, or employee of each other Defendant, and in doing the acts hereinafter alleged, was acting within the course and scope of said agency, employment, or representation, with the knowledge, consent, authorization, and approval of the other Defendants.  To the extent any of the actions of said agents, servants, or employees were not expressly authorized, said actions were ratified and approved by the other Defendants.

18.     Pursuant to 28 United States Code section 1331, this Court has jurisdiction over the subject matter of this action as the case arises out of Defendants' violation of 18 United States Code section 2511 and 18 United States

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint for Damages and Injunctive Relief

1   Code section 1030.

2

3       19.     Pursuant to 28 Unites States Code section 1367(a), this Court has

4   supplemental jurisdiction over the California State law claims as they are so related

5   to claims in the action within such original jurisdiction that they form part of the

6   same case or controversy under Article III of the United States Constitution.

7

8       20.     Pursuant to 28 United States Code section 1391(b)(2), venue is proper

9   in the United States District Court for the Central District of California as a

10  substantial part of the events or omissions giving rise to the claim occurred in this

11  district.

12

13  **III.    <u>GENERAL ALLEGATIONS</u>**

14

15      21.     On about October 12, 2020, Ms. Miranda was hired by Monster

16  Marketing and it's owners Steven Selinsky, David Galan, and Stacey Galan.

17  Defendant Angel Anderson work for Monster Marking and are the agents of

18  Monster Marketing, Steven Selinsky, David Galan, and Stacey Galan.

19

20      22.     At the time, Ms. Miranda was living in a sober-living home.  Upon

21  information and belief, the Monster-Marketing Defendants had a habit of practice of

22  hiring employees fresh out of rehab because they knew these people (1) were

23  vulnerable, (2) would feel they owed the Monster-Marketing Defendants unjustified

24  gratitude such that the Monster-Marketing Defendants could more readily control

25  them, and (3) would be less likely to stand up to for their rights when faced with

26  harassment and discrimination by the Monster-Marketing Defendants.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

23.   On May 13, 2021, Monster Marketing issued the one and only Disciplinary Action Notice to Ms. Miranda, contained in her employee file, claiming that "employee has consistently been late to work."  It goes on to say, "a failure to bring performance up to an acceptable level and/or additional policy violations may result in further disciplinary action up to and including termination of employment."  This is the only Disciplinary Action Notice in Ms. Miranda's employee file.

24.   Ms. Miranda was never given any kind of employee handbook that stated what was considered a "policy violation."  Her employee file does not contain any acknowledgement of receipt of any kind of employee handbook.

25.   On August 2, 2021, Ms. Miranda was promoted to an "Closer" at Google Ascent (one of the many dbas under which the corporate defendants operated), stating:  "You will be reporting directly to Stacey Galan.  We believe your skills and experience are an excellent assert to our company and hope you are with us a long time."  The promotion letter placed an unenforceable two-weeks' notice requirement upon Ms. Miranda, despite the fac that it explicitly states that her employment is "At-Will."

## IV.   THE MONSTER-MARKETING DEFENDANTS' TERMINATION OF MS. MIRANDA

26.   On February 2, 2022, Ms. Miranda was abruptly and without any forewarning terminated.

27.   She was not given any reason for her termination.  Her employee file contains no document stating the reason for her termination.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

28.     Shortly after being terminated, Ms. Miranda changed her Facebook, Chrome, Google, Instagram, and Samsung passwords at least three times.

## V.   THE MONSTER-MARKETING DEFENDANTS' CAMPAIGN TO RUIN MS. MIRANDA'S LIFE

29.     After the Monster-Marketing Defendants terminated Ms. Miranda they set out to ruin Ms. Miranda's life.

## VI.   THE MONSTER-MARKETING DEFENDANTS' AND DEFENDANT ITHACA MADE FALSE STATEMENTS TO MS. MIRANDA AND OTHERS THAT MS. MIRANDA HAD "MURDERED" A FORMER EMPLOYEE, WITH THE INTENT OF BREAKING AN ALREADY VULNERABLE WOMAN AND BRING RIDICULE UPON MS. MIRANDA

30.     February 21, 2022, around 4:15 a.m. in the morning, Defendant Ithaca and Defendant Anderson jointly called Ms. Miranda to inform her that she had "murdered" Anthony Stiehl.  Defendant Anderson is Anthony's girlfriend. Defendant Ithaca is Anthony's mother.

31.     During that call, they falsely accuse Ms. Miranda of giving Anthony drugs on which he overdosed, despite the fact Ms. Miranda not seen him in three weeks since she was terminated.

32.     Defendant Ithaca and Defendant Angel Anderson then left a voicemail on Ms. Miranda's phone in which she said:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Defendant Ithaca: "Hi this is Collette, Anthony's mother." Defendant Anderson: "Hope you have fun going to jail Rey. See how fun that is for you. You're a little fucking bitch and you are not shit Rey. You talk all that shit. You're a little drug addicted girl. You literally are not shit. You can't even answer the phone. Fucking tweaker cunt. Can't wait to see you be someone's bitch you little bitch. Have fun sitting in jail. Can't wait to see you be someone's bitch you little bitch. Oh what's up Rey you don't want to talk now. Is there a reason you can't answer your phone. You're a big bad bitch behind the keyboard. I'm confused, why don't you wanna talk now. You sure had a lot of shit to say about me earlier. Why don't you answer your phone and answer your phone like a grown woman. Hold are you? 35? Answer the phone you DUMB BITCH"

## VII.  THE MONSTER-MARKETING DEFENDANTS' APPLICATIONS FOR CIVIL HARASSMENT RESTRAINING ORDERS BASED ON FALSE AND MISLEADING INFORMATION

33.     On February 23, 2022, defendant, Steven Selinsky, filed an application for a temporary harassment restraining order ("TCRHO"), in which falsely accuses Ms. Miranda having guns and knives and threatening him with physical harm.

34.     On March 2, 2022, defendant, David Galan (on behalf of himself and defendant, Stacey Galan) filed an application for a TCRHO, in which falsely accuses Ms. Miranda having guns and knives and threatening him with physical harm.

35.     On March 16, 2022, an initial hearing was held on Defendants', Steven Selinsky, David Galan, and Stacey Galan applications. Ms. Miranda requested a continuance, which she had as a matter of right. The Judge maintained the TCRHOs until the continued hearing on the TCRHOs could be held.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint for Damages and Injunctive Relief

VIII.   **THE MONSTER-MARKETING DEFENDANTS' CAUSING MS. MIRANDA'S PROBATION TO BE ALLEGEDLY VIOLATED DUE TO ALLEGED VIOLATIONS OF THE CIVIL HARASSMENT RESTRAINING ORDERS**

36.     In March 24, 2022, when Ms. Miranda appeared for her regular probation appointment, she was arrested because, on information and belief, the Monster Marketing Defendants informed Ms. Miranda's probation and/or other Orange County authorities that Ms. Miranda had violated the TCRHO for posting to a social media platform "Discord" communications directed at Steven Selinsky, David Galan, and/or Stacey Galan.

37.     On that day, March 24, 2022, Ms. Miranda was informed that she was being arrested due to the Monster-Marketing Defendants alleging that she had violated the TCRHO.  She would not be released until March 28.

38.     During that time, Defendant Stacey Galan celebrated her birthday and celebrated with a doctored-and-unflattering-picture of Ms. Miranda behind bars.

39.     Written on the picture were the words "Happy Birthday Stacey."  (*See* Exhibit "A.)  There is legitimate joy—and certainly a big happy smile—on Defendant Stacey Galan's face at about the fact that she had severely harmed Ms. Miranda.

40.     On March 28, 2022, the court held the hearing on the alleged probation violation and released her on her own recognizance and referred her to Orange County's Drug-Court-Diversion program ("Drug Court").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint for Damages and Injunctive Relief

IX.    **THE MONSTER-MARKETING DEFENDANTS' INTERFERENCE IN MS. MIRANDA'S ACCEPTANCE INTO THE DRUG-COURT DIVERSION PROGRAM**

41.    On April 2, 2022, Ms. Miranda appeared for an initial evaluation for Drug Court, to determine whether Ms. Miranda liked Drug Court and would want to be a part of it.

42.    On April 17, 2022, Ms. Miranda appeared for a determination of her admission to Drug Court.  At that time she was informed that the Monster-Marketing Defendants had alleged that the Monster Marketing Defendants informed Ms. Miranda's probation officer and/or other Orange County authorities that the Monster Marketing Defendants were alleging that Ms. Miranda had further violated the TCRHO as follows:

> **(1)** April 11, 2020, Ms. Miranda's attorney sending a settlement email to Defendants, Steven Selinsky. David Galan. (*See* Exhibit "B.")  This email is a privileged communication under California Civil Code section 47(b), and cannot, as a matter of law, form the basis of an alleged violation of an alleged violation of  California Code of Civil Procedure section 527.6 (the TCHROs statute);
>
> **(2)** Ms. Miranda sending a single private Facebook message to a Monster Marketing employee (<u>not</u> one of the petitioner for the TCHROs) stating only "Brandon[;]" and
>
> **(3)** Ms. Miranda contacting with former Monster Marketing customers through her <u>private</u> Facebook messages, about which the Monster-Marketing Defendants knew the content of Ms. Miranda's private messages.  These could only have been

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

obtained through the repeated (at least Four documented occasions), illegal, and intentional interception of Ms. Miranda's private electronic communications in violation of the Electronic Communications Privacy Act and the Stored Wire Electronic Communications Act are commonly referred together as the Electronic Communications Privacy Act ("ECPA") of 1986, 18 United Sates Code section 2511(1)(a).

The Monster-Marketing Defendants' subsequent disclosure of these illegal and intentionally intercepted communications knowing or having reason to know that the information was obtained through the illegal interception of an electronic communication, is also an independent violation of 18 United Sates Code section 2511(1)(c).

Both of these acts <u>shall</u> be criminally punished by way of a <u>mandatory</u> fine of $500 and "imprison[ment of] not more than five years, or both." 18 USC § 2511(4)(a).

43.    Based on these disclosures by the Monster Marketing Defendants, the Judge did not accept Ms. Miranda into Drug Court at that time.  Instead he continued the hearing on her eligibility to April 27, 2022.

///

///

///

Complaint for Damages and Injunctive Relief

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**X.** **MS. MIRANDA MAY BRING THIS SUIT FOR STATUTORY DAMAGES, ACTUAL DAMAGES, PUNITIVE DAMAGES, AND ATTORNEYS' FEES AND COSTS DUE TO THE MONSTER-MARKETING DEFENDANTS' ILLEGAL HACKING OF MS. MIRANDA'S PRIVATE FACEBOOK MESSAGES**

**A.** **The Monster-Marketing Defendants Violation of 18 USC § 2511**

44.    The Monster Marketing Defendants' illegal interception of Ms. Miranda's private electronic communications entitles Ms. Miranda in this civil action to:  "(1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred." 18 USC 2520(b). Statutory damages under 2520(c)(2) for the Monster Marketing Defendants' repeated violation of 18 United Sates Code section 2511(1) and (c) are " whichever is the greater of $100 a day for each day of violation or $10,000."

45.    Upon information and belief the Monster Marketing Defendants disclosed this illegally obtained information—based in ill will—for the ulterior motive and illegal objective of forcing Ms. Miranda to prison and ruining this young woman's life, which constitutes abuse of process.  *See, e.g.*, *Brown v. Kennard*, 94 Cal. App. 4th 40, 44, 113 Cal. Rptr. 2d 891, 894 (2001).

**B.** **The Monster-Marketing Defendants Violation of 18 USC § 1030**

46.    The Monster Marketing Defendants did not just access Ms. Miranda's private Facebook messages, they deleted some (the exact number of which is

1  unascertainable at this time due to the Monster Marketing Defendants' illegal
2  deletion).

3

4      47.    As such, the Monster Marketing Defendants' did not just violate the
5  ECPA.  They violated 18 United States Code section 1030, dealing  with "Fraud and
6  related activity in connection with computers."  The Monster Marketing Defendants
7  have violated Subsection (a)(2)(C) by: (1) intentionally accessing Ms. Miranda's
8  computer by exceeding authorized access and thereby obtaining information, to
9  which they were not entitled, from Ms. Miranda's computer; and (2) altering
10 information in Ms. Miranda's computer that the Monster Marketing Defendants
11 were not entitled to alter. 18 USC 1030(e)(6).  All of this entitles Ms. Miranda to
12 maintain a civil action against the Monster Marketing Defendants under 18 United
13 States Code section 1030(g).

14

15 **C.**    **The Monster Marketing Defendants Have Violated California**
16         **Penal Code Section 502**

17

18     48.    In addition to violating these Federal laws, the Monster Marketing
19 Defendants violated California Penal Code section 502 by knowingly and without
20 permission:

21

22 **(1)** deleting, destroying, or otherwise using any data, computer, computer
23 system, or computer network in order to either (A) devise or execute any
24 scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or
25 obtain money, property, or <u>data</u> (CAL. PENAL CODE § (c)(1));

26

27 **(2)** making use of any data from a computer, computer system, or computer
28 network, or taking or coping any supporting documentation, whether existing

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

or residing internal or external to a computer, computer system, or computer network (CAL. PENAL CODE § (c)(2));

**(3)** altering, damaging, deleting, or destroying any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network (Cal. Penal Code § (c)(4));

**(4)** providing or assisting in providing a means of accessing a computer, computer system, or computer network in violation of this section (Cal. Penal Code § (c)(4)); and

**(5)** accessing or causing to be accessed any computer, computer system, or computer network (Cal. Penal Code § (c)(7)).

49.    These violations of California Penal Code section 502 entitle Ms. Miranda, in additional to any other civil remedy available, to bring a civil action against the Monster Marketing Defendants for compensatory damages and injunctive relief or other equitable relief." CAL. PENAL CODE § 502(e)(1).

## **FIRST CAUSE OF ACTION**
### **(Violation of 18 USC § 2511)**
### **(Against the Monster Marketing Defendants)**

50.    Ms. Miranda incorporates paragraphs 1 through 49 as if set forth fully herein.

51.    18 United States Civil Code section 2511 states:

Complaint for Damages and Injunctive Relief

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

A person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; [or] intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication . . . shall be fined under this title or imprisoned not more than five years[.]"

18 U.S.C. §§ 2511(1)(a) & (4)(a).

52.     18 United States Civil Code section 2520 states:

Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).  Which shall include:  "(1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred."  18 U.S.C. § 2520(b).  Moreover:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

In any other action under this section, the court may assess as damages whichever is the greater of--

(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

(B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2).

53.   As set forth above, Defendants have (1) hacked into Ms. Miranda's private Facebook electronic communications and/or procured others to do so, (2) intentionally disclosed the content of Ms. Miranda's private Facebook electronic communications knowing or having reason to know that the information was obtained through the illegal interception of electronic communication, and (3) procured others to do the same.

54.   As a direct and proximate result of Defendants' violation, Ms. Miranda has sustained and will incur further damages including, but not limited to, statutory damages, and is entitled to recover her attorneys' fees and other litigation costs reasonably incurred in this suit.

55.   The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## SECOND CAUSE OF ACTION

### (Violation of 18 USC § 1030)

### (Against the Monster Marketing Defendants)

56.    Ms. Miranda incorporates paragraphs 1 through 55 as if set forth fully herein.

57.    18 United States Civil Code section 1030 states:

(a) Whoever--

(1) having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;

Complaint for Damages and Injunctive Relief

(2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains--

(A) information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);

(B) information from any department or agency of the United States; or

(C) information from any protected computer;

shall be punished as provided in subsection (c) of this section.

18 USC § 1030(a).

58.   As set forth above, Defendants have intentionally accessed and altered Ms. Miranda's private Facebook messages without authorization.

59.   As a direct and proximate result of Defendants' violation, Ms. Miranda has sustained and will incur further damages according to proof at trial.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

60.     The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

### THIRD CAUSE OF ACTION

### (Violation of California Penal Code § 502)

### (Against the Monster Marketing Defendants)

61.     Ms. Miranda incorporates paragraphs 1 through 60 as if set forth fully herein.

62.     As alleged above, Defendants has knowingly accessed and deleted Ms. Miranda's private Facebook messages in violation of Section 502(c)(1), (2), (4), (6), and (7) of the California Penal Code.

63.     As a direct and proximate result of Defendants' violation, Ms. Miranda has sustained and will incur further damages according to proof at trial.

64.     The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

### FOURTH CAUSE OF ACTION

### (Abuse of Process)

### (Against Defendants, Steven Selinsky, David Galan, and Stacy Galan)

65.     Ms. Miranda incorporates paragraphs 1 through 64 as if set forth fully herein.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

66.     As set forth above, upon information and belief, Defendants filed the TCHRO Applications not to seek redress for legitimate injuries or for legitimate fear for their safety, but for improper, ulterior reasons.  Upon information and belief, these ulterior reasons included applying a full-court-pressure campaign to Ms. Miranda to dissuade her from bringing legitimate claims against Monster Marketing. And with the specific intent to send Ms. Miranda to jail and ruing her lie for nothing other than spiteful, hateful, and malicious reasons.

67.     Defendants thus entertained an ulterior motive in using the courts to harm Ms. Miranda by applying for TCHRO restraining orders and making every effort to see to it that she was sent to jail.

68.     Defendants committed this willful act in a wrongful manner.

69.     As a direct and proximate result of Defendants' actions, Ms. Miranda has sustained and will incur further damages according to proof at trial.

70.     The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against The Monster Marketing Defendants and Defendant Collette Ithaca)

71.     Ms. Miranda incorporates paragraphs 1 through 70 as if set forth fully herein.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

72.     As described above the Monster Marketing Defendants' and Ithaca's conduct—falsely telling a young woman in crisis that she had "murdered," when, in fact, the former coworker is alive and well—was extreme and outrageous and specifically intended to cause Ms. Miranda sever and extreme emotional distress.

73.     As a direct and proximate result of Defendants' actions, Ms. Miranda sustained extreme emotional distress and has incurred damages in amounts to be proven at trial.

74.     The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Defamation)

### (Against the Monster Marketing Defendants)

75.     Ms. Miranda incorporates paragraphs 1 through 74 as if set forth fully herein.

76.     The Monster Marketing Defendants and Defendant Ithaca falsely told Ms. Miranda that she had "murdered" a former co-worker, when, in fact, the former coworker is alive and well.

77.     Defendants made the false and derogatory statements alleged above, including implications of knowledge of facts leading to defamatory conclusions, about Ms. Miranda.

Complaint for Damages and Injunctive Relief

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

78. Defendants made the statements alleged above about Ms. Miranda to third parties, including, but not limited to, current and former employees of Monster Marketing, their families, and potential future employers of Ms. Miranda.

79. The statements by Defendants about Ms. Miranda were not made in connection with a public issue or an issue of public interest.

80. Defendants failed to use reasonable care to determine the truth or falsity of these statements, and, in fact, made the statements knowing they were false and with the malicious intent to harm Ms. Miranda.

81. As a direct and proximate result of Defendants' actions, Ms. Miranda has sustained and will incur further damages according to proof at trial.

82. The aforementioned wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Ms. Miranda to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## **PRAYER**

WHEREFORE, Ms. Miranda prays for judgment and other relief against Defendants, and each of them, as follows:

1. For an injunction under 18 USC § 2520(b)

2. For statutory damages in a sum according to proof;

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Complaint for Damages and Injunctive Relief

3.  For compensatory damages in a sum according to proof;

4.  For punitive and exemplary and punitive damages in a sum according to proof;

5.  For an award of attorney's fees and litigation costs under 18 USC § 2520(b)(3);

6.  For costs of suit incurred in this action; and

7.  For such other and further relief as the Court deems just and proper.

DATED:  April 25, 2022          PAYNE & FEARS LLP
                                Attorneys at Law


                                By:    _/s/ David A. Grant_
                                         DAVID A. GRANT

                                Attorneys for Plaintiff Mireyda Rebecca
                                Miranda

4880-5686-2493.5

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-24-
Complaint for Damages and Injunctive Relief