UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Mireyda Rebecca Miranda,<br><br>   Plaintiff,<br><br>   v.<br><br>Steven Selinsky, an individual; David Galan, an individual; Stacey Galan, an individual; Angel Anderson, an individual; Collette Miller, an individual; Luxinvia, Inc. dba Monster Marketing, a California corporation; Fons Diviciarum LLC dba Monster Marketing, Google Ascent, and Top Pro SEO, a California Limited Liability Company; and Does 1-10,<br><br>   Defendants. | Case No. 8:22-cv-00869-JVS-DFM<br>Honorable James V. Selna<br>Courtroom 10C<br><br>**ORDER ON ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Judge: Hon. James V. Selna<br>Date:  May 20, 2022<br>Time:  3:00 p.m.<br>Crtrm.: C10<br><br>Action Filed: May 2, 2022<br>Trial Date: Not Set, |

On May 20, 2022, at 3:00 p.m. the Court held the hearing on its order that defendants Steven Selinsky, David Galan, Stacey Galan, Luxinvia, Inc. dba Monster Marketing ("Luxinvia"), and Diviciarum LLC dba Monster Marketing ("Diviciarum") (collectively "Defendants") show cause why a preliminary injunction should not issue enjoining Defendants, and their officers, agents, servants, employees, and attorneys, from: (1) further attempting to intercept, obtain,

-1-

use, or destroy plaintiff Mireyda Rebecca Miranda's ("Ms. Miranda") confidential electronic communications; (2) disclosing any of the illegally-obtained information Defendants have already improperly intercepted, accessed, obtained, and used in attempts to prevent her acceptance into a jail-diversion program, and otherwise thereafter; and (3) destroying any additional evidence relevant to this case. Defendants Steven Selinsky, David Galan, and Stacey Galan appeared at the hearing. Luxinvia and Diviciarum did not appear. David Grant, of Payne & Fears LLP, appeared on behalf of Ms. Miranda. After hearing from Ms. Miranda's counsel and defendants Steven Selinsky, David Galan, and Stacey Galan, the Court makes the following factual findings and orders.

For the reasons stated on the record at the hearing, the Court now enters this preliminary injunction.

Defendants and their officers, agents, servants, employees, and attorneys are: (1) enjoined from further violating 18 United States Code sections 1030(a), 2501, and 2701 and California Penal Code section 502; (2) ordered to preserve all electronic evidence relevant to this case; and (3) ordered to provide actual notice of this Order to their officers, agents, servants, employees, and attorneys under Rule 65(d)(2)(B) of the Federal Rules of Civil procedure, and confirm the same, under oath, with Court.

Defendants are ordered to preserve in their unaltered state, and make no further use of, all computers, electronic devices, and electronic evidence implicated in this case—including, but without limitation, the computer identified in Exhibit "V" to Ms. Miranda's moving papers (and attached hereto as Exhibit "1") which appears to be housed in a cubicle numbered 6563—until the expiration of this preliminary injunction or a forensic examination of all computers and other electronic devices can be had.

The Court orders that defendants Luxinvia and Diviciarum provide actual notice of this preliminary injunction to all of their officers, agents, servants, employees, and attorneys under Rule 65(d)(2)(B).  Defendants Luxinvia and Diviciarum are ordered to give a copy of this preliminary injunction to each of their current officers, agents, servants, employees, and attorneys, and any new officers, agents, servants, employees, and attorneys that may join or become affiliated with them while this preliminary injunction remains in place.  Defendants shall file a declaration with the Court confirming that they have given each of their current officers, agents, servants, employees, and attorneys a copy of this preliminary injunction no later than two weeks from the entry of this Order.

The Court additionally finds that Ms. Miranda need not post a bond as there "is no realistic likelihood of harm to [Defendants] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

It is so ordered.

Dated:  June 08, 2022

Hon. James V. Selna
Judge, United States District Court

Respectfully submitted by:
David A. Grant, Bar No. 288760
dag@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
Attorneys for Plaintiff Mireyda Rebecca Miranda

Miranda v. Selinsky et al - Proposed Order on OSC re Preliminary Injunction 4885-4812-5729 v 1.docx